**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **A.P.**

**No. 22-624** (Raleigh County 21-JA-183-B)

## MEMORANDUM DECISION

Petitioner Mother A.M.[1] appeals the Circuit Court of Raleigh County's June 30, 2022, order terminating her parental rights to A.P.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In November of 2021, the DHHR filed a petition alleging that petitioner's drug use impaired her parenting to a degree that posed an imminent risk to the child's health and safety. Specifically, the petition recounted an incident involving law enforcement in which officers located petitioner, the child's father, the child, and a third adult in a parking lot. The officers found drugs and drug paraphernalia, including needles, in the car with the child.

In January of 2022, petitioner stipulated "to her abuse and/or neglect of the minor child" by admitting to the presence of drugs and drug paraphernalia in the vehicle where she and the child were present. Following her stipulation, the circuit court adjudicated petitioner "to have abused and/or neglected the infant child, [A.P.]." The court then granted petitioner a six-month post-adjudicatory improvement period. Following the adjudication, the DHHR filed a case plan detailing the conditions of the improvement period, the terms of which required petitioner to complete services with the Raleigh County Day Report Center ("Day Report"), including a drug assessment and any recommendations of further treatment, random drug screening, and parenting and life skills classes, among other requirements.

---

[1]Petitioner appears by counsel Stanley I. Selden. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Andrew T. Waight. John F. Parkulo appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

Petitioner did not attend her review hearing in March of 2022, although she was represented by counsel. During the hearing, the court received evidence of her noncompliance, including several missed drug screens, several positive drug screens, and her failure to attend inpatient drug treatment, as recommended by Day Report. Accordingly, the court set the matter for disposition, with the DHHR's note that a multidisciplinary treatment team meeting would be scheduled to attempt to facilitate petitioner's inpatient treatment.

On April 28, 2022, petitioner's counsel filed a motion for an extension of the post-adjudicatory improvement period, stating that counsel now had better contact information for the petitioner and sought to coordinate inpatient treatment. The court granted the motion and set a dispositional hearing for June 28, 2022. At the dispositional hearing, the court first addressed petitioner's counsel's motion to withdraw based on "an irretrievable breakdown of the attorney-client relationship." The court denied the motion to withdraw, noting that counsel was appointed, not retained, and petitioner's "unwillingness to listen to the advice of counsel was not a sufficient basis to support the motion," especially on the morning of the hearing.

Following this ruling, counsel asked for a brief recess to speak with petitioner. When the hearing reconvened, the court noted that the petitioner did not return to the courtroom, and petitioner's counsel informed the court that petitioner had left the courthouse. The court then heard testimony from the DHHR worker, who testified that, although petitioner did attend some classes, she did not complete parenting or life skills classes; did not enter inpatient treatment, as recommended by Day Report; and had not been compliant with drug screening. The worker further testified that, on April 27, 2022, they attempted to secure inpatient treatment for petitioner. Instead of transporting petitioner directly to the facility, the worker took petitioner to the hospital to get a medical clearance before admitting her to inpatient treatment. Due to a lengthy wait time at the first hospital, the worker took petitioner to a second hospital. The worker testified that, after petitioner was already being seen and getting her blood drawn, petitioner came back to the worker and stated that she was going home. Finally, the worker testified that, to her knowledge, petitioner had not entered any other treatment since.

Next, the court heard testimony from a worker with Day Report, who confirmed that petitioner did not participate in any outpatient services provided by Day Report and that, as early as February 14, 2022, Day Report recommended inpatient treatment. Further, she testified that petitioner only provided six drug screens during her improvement period and failed all six. Based on the evidence, the court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. Additionally, the evidence established that termination of petitioner's parental rights was necessary for the child's welfare, as the child's foster mother explained that the child's behavior deteriorated after visits with petitioner. Accordingly, the circuit court terminated petitioner's parental rights to A.P.[3] It is from the dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re*

---

[3]All parents' parental rights have been terminated. The permanency plan is adoption in the current placement.

2

*Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner argues that the circuit court erred in terminating her rights when petitioner "was prevented from completing the goals of the case plan by an agent of the Department." Petitioner's entire argument here hinges on the DHHR worker transporting petitioner to a hospital for medical clearance instead of transporting petitioner directly to the in-patient treatment center. We find, however, that this argument cannot entitle petitioner to relief.

Although petitioner asserts that she complied with all aspects of her improvement period and was only prevented from attending substance abuse treatment because the DHHR worker did not transport her directly to the inpatient facility, the record does not support these claims. While it is true that petitioner attended some supervised visits and life skills and parenting classes, the paramount issue in this case was always petitioner's drug use. The record clearly reflects that petitioner was given ample time and opportunity to correct the conditions of abuse and neglect, yet she failed to attend the majority of her court-ordered drug screenings and failed to attend drug treatment of any kind. Petitioner argues that she "was prevented from completing the goals of the case plan" by an agent of the DHHR and, thus, that the circuit court erred in finding there was no reasonable likelihood that the conditions of abuse and/or neglect could be corrected. We disagree.

West Virginia Code § 49-4-604(d) defines "no reasonable likelihood that conditions of neglect or abuse can be substantially corrected" to mean that, "based upon the evidence before the court, the abusing adult or adults have demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help." Specifically, if an abusing parent is habitually addicted to alcohol or drugs, there is no reasonable likelihood that the conditions can be corrected where the parent "[has] not responded to or followed through the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning." W. Va. Code § 49-4-604(d)(1). Further, while petitioner blames the DHHR for preventing her from attending substance abuse treatment, she ignores the fact that "[w]hen any improvement period is granted to a [parent] . . . , the [parent] shall be responsible for the initiation and completion of all terms of the improvement period." W. Va. Code § 49-4-610(4)(A). Petitioner bore the ultimate responsibility for submitting to substance abuse treatment, and the record shows that she failed to do so. In fact, petitioner was specifically granted an extension of her improvement period in order to facilitate her entry into a substance abuse program, yet she failed to capitalize on this opportunity.

Petitioner's clear noncompliance and failure to attend inpatient treatment throughout the entirety of the case is strong evidence of her inability to correct the conditions of abuse and neglect. *See* W. Va. Code § 49-4-604(d)(3) (establishing that there is no reasonable likelihood that conditions of neglect or abuse can be substantially corrected when "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts . . . designed to reduce or prevent the abuse or neglect of the child"). Because the circuit court based this finding upon ample evidence, we find no error. *See* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of parental rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect . . . can be substantially corrected").

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 30, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: May 16, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

**DISSENTING:**

Justice John A. Hutchison

Hutchison, Justice, dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted—not a memorandum decision. Accordingly, I respectfully dissent.